UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MARQUITA FORREST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:16-cv-00209-SEB-DML |
| | ) | |
| MARGARET TIMMEL LLC, | ) | |
| CIRCUIT CO. I OF CLARK CO., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Directing Further Proceedings**

Plaintiff Marquita Forrest brought this action against Margaret Timmel and Circuit Co. I of Clark Co. Because she is proceeding *in forma pauperis*, the Court screened the complaint pursuant to 28 U.S.C. § 1915. Because Forrest failed to state a viable claim, the complaint was dismissed and she was directed to file an amended complaint. She has done so and the amended complaint is now subject to the screening requirement of § 1915.

This statute directs the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To state a viable claim, the complaint the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than

formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Forrest asserts that she brings her claims under the Americans with Disabilities Act ("ADA"). Forrest alleges that she is the mother of Dillon Forrest, who is a disabled black male. She states that on November 8, 2013, defendant Margaret Timmel gave Dillon contracts to sign his personal estate over to her and that she placed him in a nursing home. Based on the required screening, this complaint must be dismissed for a number of reasons. First, the claims in this case are actually based on alleged violations of Dillon's rights. Because Forrest is not a lawyer, she cannot bring a lawsuit on behalf of someone else, even if it is her son. *See* 28 U.S.C. § 1654 (providing that a party may proceed in federal court "personally or by counsel"). Next, the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). While the allegations of the complaint suggest that Dillon was taken advantage of, they do not suggest that he was discriminated against in a place of public accommodation. Finally, even if Forrest had a viable ADA claim, this claim would be barred by the statute of limitations. The statute of limitations applicable to ADA claims, with some exceptions, is two years. *See Cordova v. University of Notre Dame du Lac*, 936 F.Supp.2d 1003, 1007 (N.D. Ind. 2013). But the acts that form the basis of Forrest's complaint took place in November of 2013, more than two years before she filed this lawsuit. "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense."

*Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012).

Forrest shall have through **May 5, 2017,** in which to show cause why this action should not be dismissed for the reasons stated above. Failure to respond will result in the dismissal of this action without further notice.

**IT IS SO ORDERED.**

Date: 4/18/2017

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARQUITA FORREST
2110 East Market Street
New Albany, IN 47150